**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| U.S. VALVE CORPORATION<br>812 Oregon Avenue, Suite E<br>Linthicum, MD 21090<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW SCHNEIDER<br>115 Long John Silver Drive<br>Wilmington, NC 28411<br><br>DAVID BLACKMON<br>108 Center Drive<br>Hampstead, NC 28443<br><br>SHAUN LEEMHUIS<br>7220 Sherbon Way<br>Wilmington, NC 28411<br><br>CRYSTAL COAST MANUFACTURING CO., LLC<br>115 Long John Silver Drive<br>Wilmington, NC 28411<br><br>Defendants. | : | Civil Action No.: |

**DEFENDANTS' NOTICE OF REMOVAL**
**(Federal Question and Diversity Jurisdiction)**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and Local Rule 103.5, Defendants Crystal Coast Manufacturing Co., LLC ("Crystal Coast"), Shaun Leemhuis, David Blackmon, and Matthew Schneider (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal of the above-captioned civil action from the Circuit Court for Anne Arundel County, Maryland, to the United States District Court for the District of Maryland, Northern Division, and in support thereof state and aver as follows:

## INTRODUCTION

1. On July 29, 2026, Plaintiff U.S. Valve Corporation, LLC ("Plaintiff" or "U.S. Valve") filed a Verified Complaint for Injunctive Relief and Damages (the "Complaint") in the Circuit Court for Anne Arundel County, Maryland, styled as *U.S. Valve Corporation v. Matthew Schneider, David Blackmon, Shaun Leemhuis, and Crystal Coast Manufacturing Co., LLC*, Civil Case No. C-02-CV-26-001908 (the "Civil Action").

2. The Complaint asserts claims against Defendants for: (1) breach of contract (Counts I–III); (2) violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. §§ 1836–1839 *et seq.* (Count IV); (3) violation of the Maryland Uniform Trade Secrets Act ("MUTSA") (Count V); (4) breach of fiduciary duty (Count VI-VIII); (5) tortious interference with contract (Count IX-XII); and (6) tortious interference with prospective economic advantage (Count XIII). The Complaint seeks, among other relief, compensatory damages exceeding $75,000.

3. Defendant Crystal Coast Manufacturing Co., LLC was served with process in the Civil Action on August 4, 2026, through its registered agent, Matthew Schneider, at 115 Long John Silver Drive, Wilmington, NC 28411.

4. Defendants Matthew Schneider, David Blackmon, and Shaun Leemhuis were each served with process in the Civil Action on August 4, 2026, by personal service at their respective residences.

5. The following process, pleadings, and documents have been served upon Defendants (through a private process server) in the Civil Action:

a. Writs of Summons issued by the Circuit Court for Anne Arundel County, Maryland on July 30, 2026, attached hereto as **Exhibit A**;

b. Verified Complaint for Injunctive Relief and Damages, with Complaint Exhibits 1–3, filed July 29, 2026, attached hereto as **Exhibit B**;

c. Motion for Preliminary Injunction, filed July 30, 2026, attached hereto as **Exhibit C**.

6. In addition, on August 3, 2026, Plaintiff attempted to serve on the Defendants a "Corrected Motion for Leave to Serve Expedited Discovery and to Preserve Evidence" via US Mail. A copy of that document is attached as **Exhibit D**. However, such service was invalid because, at the time, Defendants were not yet parties to this Civil Action, and they thus could not be served via US Mail.

7. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court for Anne Arundel County, Maryland, and serve written notice upon all adverse parties. A copy of the Notice of Filing Notice of Removal to be filed in state court is attached hereto as **Exhibit E**.

8. A true and correct copy of the current docket of the Civil Action in the Circuit Court for Anne Arundel County, Maryland, is attached hereto as **Exhibit F**.

## BASES FOR REMOVAL

The present case offers two applicable bases for removal, both of which are independently acceptable under the governing federal statutes.

### A. Removal is Proper Because This Civil Action is Founded on a Claim Arising Under the Laws of the United States (Federal Question Jurisdiction, 28 U.S.C. § 1331).

1. The Civil Action is removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Count IV of the Complaint asserts a claim for violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836–1839 *et seq.* ("DTSA"), against all Defendants. The DTSA is a federal statute that creates a private cause of action for trade secret misappropriation. *See* 18 U.S.C. § 1836(b).

4. Specifically, the Complaint alleges that Defendants misappropriated U.S. Valve's trade secrets and confidential information in violation of the DTSA, including its customer lists, pricing information, business strategies, and proprietary operational information. The Complaint further alleges that such information constitutes "trade secrets" within the meaning of 18 U.S.C. § 1839(3) and that Defendants engaged in "misappropriation" as defined by 18 U.S.C. § 1839(5)(A). *See* Comp. at ¶¶ 147-155.

5. Because Count IV of the Complaint arises under the DTSA, a law of the United States, this Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1441(c), the entire action may be removed because it includes a claim arising under federal law within the meaning of § 1331.

**A. Removal is Also Proper Based on Diversity of Citizenship (28 U.S.C. § 1332).**

6. In addition, or in the alternative, to federal question jurisdiction, this Court also has original jurisdiction under 28 U.S.C. § 1332(a), which grants district courts jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

7. Plaintiff U.S. Valve Corporation is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Linthicum, Maryland. Upon information and belief, Plaintiff's sole member is IDEX Corporation, which is a corporation organized under Delaware law with its principal place of business in Northbrook, Illinois. For purposes of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Therefore, Plaintiff is a citizen of both Delaware and Illinois.

8. Defendant Matthew Bruce Schneider is a natural person domiciled in Wilmington, North Carolina. He is therefore a citizen of the State of North Carolina.

9. Defendant David Joseph Blackmon is a natural person domiciled in Hampstead, North Carolina. He is therefore a citizen of the State of North Carolina.

10. Defendant Shaun Kevin Leemhuis is a natural person domiciled in Wilmington, North Carolina. He is therefore a citizen of the State of North Carolina.

11. Defendant Crystal Coast Manufacturing Co., LLC is a limited liability company organized under the laws of the State of North Carolina, with its principal place of business at 6500 Windmill Way, Suite E1, Wilmington, NC 28405. Crystal Coast's members are Matthew Bruce Schneider, David Joseph Blackmon, and Shaun Kevin Leemhuis, each of whom is a citizen of North Carolina. Accordingly, Crystal Coast is a citizen of North Carolina.

12. Complete diversity of citizenship therefore exists: Plaintiff is a citizen of Delaware and Illinois, and all Defendants are citizens of North Carolina. No Defendant shares citizenship with Plaintiff.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks in excess of that amount in multiple counts. *See, e.g.*, Comp. at ¶¶ 146, 155.

14. Accordingly, this Court has original jurisdiction over the Civil Action under 28 U.S.C. § 1332(a), providing an independent and alternative basis for removal.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

### B. Defendants Have Satisfied the Procedural Requirements for Removal to This Court.

15. This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." All Defendants were served with process on August 4, 2026. This Notice of Removal is filed on August 11, 2026, within the thirty (30) day period prescribed by statute.

16. In addition, all Defendants, Crystal Coast Manufacturing Co., LLC; Shaun Leemhuis; David Blackmon; and Matthew Schneider, have consented to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

17. This action is removed to "the district court of the United States for the district and division embracing the place where such action is pending" pursuant to 28 U.S.C. § 1441(a). The Civil Action was filed and is pending in the Circuit Court for Anne Arundel County, Maryland, which is within the Northern Division of the United States District Court for the District of Maryland.

18. Defendants have not filed an Answer or otherwise responded to the Complaint in the Civil Action in state court.

19. This Notice of Removal is accompanied by copies of all process, pleadings, and orders served on Defendants in the Civil Action.

20. Within thirty (30) days after filing this Notice of Removal, Defendants shall file true and legible copies of all other documents filed in state court in accordance with Local Rule 103.5(a), and will file a certification that all filings in state court have been filed with this Court.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court for Anne Arundel County, Maryland, and provide written notice to all adverse parties.

WHEREFORE, Defendants respectfully give notice that the above-captioned Civil Action pending in the Circuit Court for Anne Arundel County, Maryland, Civil Case No. C-02-CV-26-001908, is hereby removed to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and Local Rule 103.5.

Dated: August 11, 2026

**SHULMAN ROGERS, P.A.**

By: /s/ Gregory D. Grant

Gregory D. Grant, Bar No. 13942
John Troost, Bar No. 20698
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Telephone: (301) 230-5200
Facsimile: (301) 230-2891
ggrant@shulmanrogers.com
jtroost@shulmanrogers.com

*Counsel for Defendants Crystal Coast Manufacturing Co., LLC; Shaun Leemhuis; David Blackmon; and Matthew Schneider*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 11, 2026, a copy of the foregoing Defendants' Notice of Removal was filed electronically and served via the Court's CM/ECF system upon:

Jeffrey M. Schwaber, Esq.
Judith G. Cornwell, Esq.
Stein Sperling Bennett De Jong Driscoll PC
1101 Wootton Parkway, Suite 700
Rockville, MD 20852

and via electronic mail upon:

James V. Garvey, Esq.
Brian B. Druchniak, Esq.
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601

*Counsel for Plaintiff U.S. Valve Corporation*

/s/ Gregory D. Grant
Gregory D. Grant